IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY NEWMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv884-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion for relief under 28 U.S.C. § 2255.

## I.   INTRODUCTION

On February 28, 2005, petitioner Johnny Newman ("Newman") pled guilty to possessing a firearm as a convicted felon, in violation 18 U.S.C. § 922(g)(1).  On June 1, 2005, upon finding that Newman had three prior convictions for violent felonies, the district court sentenced Newman pursuant to the Armed Career Criminal Act ("ACCA") to 151 months in prison.[1]  On October 13, 2011, Newman filed this § 2255 motion (Doc. No. 1),[2] in which he argues that one of his three prior convictions found by the district court to

---

[1] The ACCA imposes a mandatory minimum sentence of fifteen years in prison if a defendant convicted under 18 U.S.C. § 922(g) has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ."  *See* 18 U.S.C. § 924(e)(1).  In sentencing Newman to 151 months, the district court effected a downward departure 29 months below the statutory minimum.

[2] References to document numbers ("Doc. No.") are those assigned by the Clerk of Court in the instant civil action or, where applicable, in Newman's criminal proceedings, Case No. 2:03cr213-MHT.  Page references to pleadings are to those assigned by CM/ECF.

constitute a "violent felony" for purposes of the ACCA – a 1987 Alabama conviction for second-degree escape – no longer qualifies as a violent felony under the ACCA, that he is therefore "actually innocent" of being an armed career offender, and that he should be resentenced without application of the ACCA.[3]

The Government responds that Newman's claim is meritless and that his motion is time-barred by the one-year limitation period applicable to 28 U.S.C. § 2255 motions. *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[4]   After consideration of the parties' submissions, the record in this case, and the relevant law, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Newman's § 2255 motion should be denied.

## II.   DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the

---

[3] The statutory maximum sentence for a defendant convicted of a § 922(g)(1) offense *without* the ACCA enhancement is 10 years in prison.  *See* 18 U.S.C. § 924(a)(2).

[4] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

## B.   Whether Newman's Alabama Conviction for Second-degree Escape Is a Violent Felony under the ACCA

Newman contends that his 1987 Alabama conviction for second-degree escape in violation of § 13A-10-32, Ala. Code 1975, should not have been counted as a violent felony

under the ACCA.[5]  Doc. No. 1 at 4; Doc. No. 2 at 1-9.  He argues that his escape conviction

does not qualify as violent felony under *Sykes v. United States*, ___ U.S. ___, 131 S. Ct. 2267

(2011) (petitioner's felony conviction under Indiana law for fleeing law enforcement in a

vehicle counted as a violent felony for purposes of the ACCA), and *Darby v. United States*,

Civil Action No. 2:09cv52-WHA, 2011 WL 1217303 (M.D. Ala. 2011) (petitioner's

conviction for third-degree escape under Alabama law did not constitute a violent felony

under the ACCA).

The ACCA defines a violent felony as "any crime punishable by imprisonment for a

term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use

of physical force against the person of another; or (ii) is burglary, arson, or extortion,

involves use of explosives, or *otherwise involves conduct that presents a serious potential*

*risk of physical injury to another*."  18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added).  The

last phrase of § 924(e)(2)(B)(ii) is called the "residual clause."  *United States v. Proch*, 637

F.3d 1262, 1266 (11th Cir. 2011).

The Alabama statute for second-degree escape, § 13A-10-32, Ala. Code 1975,

provides as follows:

> (a)  A person commits the crime of escape in the second degree if he
> escapes or attempts to escape from a penal facility.

---

[5] The three prior convictions found by the district court to constitute violent felonies for
purposes of the ACCA were (1) a 1982 Alabama conviction for second-degree robbery, (2) a 1991
Alabama conviction for third-degree robbery, and (3) the 1987 Alabama conviction for second-
degree escape.  Case No. 2:03cr213-MHT, Presentence Investigation Report at 5, ¶ 18.

(b)  Escape in the second degree is a Class B felony.

§ 13A-10-32, Ala. Code 1975.[6]

Newman's 1987 conviction for second-degree escape was based on his escape from the Montgomery County, Alabama, Jail.  *See* Case No. 2:03cr213-MHT, Presentence Investigation Report at 7, ¶ 25; 5, ¶ 18.[7]

In *United States v. Proch*, 637 F.3d 1262 (11th Cir. 2011), the Eleventh Circuit considered whether the crimes of escape from jail and escape from custody while being transported to or from jail, in violation of Fla. Stat. Ann. § 944.40,[8] constitute violent felonies for purposes of the ACCA.  The court held that such crimes categorically qualified as violent felonies under the residual clause of the ACCA because they are similar in risk and similar in kind to the crimes enumerated in the statute.  637 F.3d at 1268-69.  The court reasoned:

> Escapes from custody, like burglary, will almost always involve the police attempting to apprehend the escapee and are likely to cause "an eruption of violence" upon discovery.  Such an eruption clearly presents a serious potential risk of physical injury.  Also like burglary, escape from custody is a stealth crime that involves a high degree of recklessness.  Like burglary, arson, and the use of explosives, escape from custody is purposeful, violent and

---

[6] The language of § 13A-10-32, Ala. Code 1975, has remained unchanged since Newman's 1987 conviction.

[7] Undisputed facts in a presentence investigation report may be relied upon in making an ACCA assessment.  *United States v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006); *see United States v. Stuckey*, 499 F. App'x 862, 864 (11th Cir. 2012).

[8] Under Fla. Stat. Ann. § 944.40, "[a]ny prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution . . . or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree."

5

aggressive because it involves a choice that will almost certainly be responded to with force, and potentially violent force, by the police. We conclude, therefore, that a felon who risks escape from custody is likely to use an illegally possessed firearm in a violent way and that *escape from custody is therefore a violent felony under the ACCA.*

637 F.3d at 1269 (citation and footnote omitted; emphasis added).[9]

As indicated earlier, § 13A-10-32, Ala. Code 1975, defines second-degree escape as an "escape[ ] or attempt[ ] to escape from a penal facility." § 13A-10-32(a), Ala. Code 1975. Based on the Eleventh Circuit's holding in *Proch*, Newman's 1987 conviction for second-degree escape, in violation of § 13A-10-32, Ala. Code 1975, was a violent felony under the ACCA. Therefore, the district court did not err in counting the conviction for purposes of the ACCA, Newman is not "actually innocent" of being an armed career offender, and Newman is not entitled to collateral relief based on this claim.[10]

---

[9] The Eleventh Circuit's use of the term "escape from custody" here is in the context of escape from jail or escape from custody while being transported to or from jail.

[10] Newman's reliance on the Supreme Court's decision in *Sykes v. United States*, ___ U.S. ___, 131 S. Ct. 2267 (2011), and this court's decision in *Darby v. United States*, Civil Action No. 2:09cv52-WHA, 2011 WL 1217303 (M.D. Ala. 2011), as support for his claim is misplaced. As for *Sykes*, the Supreme Court's holding that a felony conviction under Indiana law for fleeing law enforcement in a vehicle is a violent felony under the ACCA lends little support to Newman's argument that second-degree escape under Alabama law does not constitute a violent felony for purposes of the ACCA. *See* 131 S. Ct. at 2270. In *Darby*, the statute under consideration was Alabama's statute for *third*-degree escape, which, unlike the Alabama statute for second-degree escape, does not apply specifically – and only – to escapes or attempted escapes from penal facilities. *See* 2011 WL 1217303 at *4-8. The escape in *Darby* involved the disobedient act of breaking free from the grasp of a police officer attempting to effect an arrest, and running away. *Id*. at *8. Because *Darby* does not hold that escapes or attempted escapes from penal facilities do not qualify as violent felonies under the ACCA, it ultimately affords Newman no support for his claim. In any event, as this court has noted, in *Proch*, the Eleventh Circuit made it clear that escapes or attempted escapes from penal facilities *are* violent felonies under the ACCA.

**C.     Limitation Period in 28 U.S.C. § 2255(f)**

Because there is no merit to Newman's claim that his sentence under the ACCA is improper, his motion is also time-barred by the one-year limitation period applicable to 28 U.S.C. § 2255 motions.

Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period for motions filed pursuant to § 2255 begins to run from the latest date of–

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Newman was convicted of being a felon in possession of a firearm pursuant to a guilty plea entered on February 28, 2005. He was sentenced to 151 months in prison for that offense on June 1, 2005. Judgment was entered by the district court on June 2, 2005. Newman did not file a direct appeal. By operation of law, then, his conviction became final on June 13, 2005 (the first business day after June 12, 2005), upon expiration of the time for

7

him to file a direct appeal (i.e., 10 days after entry of judgment by the district court).[11]

Newman then had one year, specifically until June 13, 2006, to file § 2255 motion that was

timely under § 2255(f)(1). However, Newman did not file his § 2255 motion until October

13, 2011.[12] Therefore, his § 2255 motion is untimely under § 2255(f)(1).

Newman has not set forth facts or arguments establishing that any of the alternate

provisions of § 2255(f)(2)-(4) for commencement of the limitation period apply in his case.

Nor does he establish that equitable tolling should be applied. The petitioner bears "the

burden of establishing that equitable tolling [is] warranted." *Pugh v. Smith*, 465 F.3d 1295,

1300-01 (11th Cir. 2006). Newman suggests that the Supreme Court's decision in *Sykes v.*

*United States*, ___ U.S. ___, 131 S. Ct. 2267 (2011), and this court's decision in *Darby v.*

*United States*, Civil Action No. 2:09cv52-WHA, 2011 WL 1217303 (M.D. Ala. 2011),

provide grounds for equitable tolling because "he had no control, hope or anticipation that

this Honorable Court as well as the U.S. Supreme Court would six (6) years later after his

---

[11] When the district court's judgment was entered in Newman's case, Fed. R. App. P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. *See, e.g.*, *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires). Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within *14* days after entry of the district court's judgment.

[12] Newman apparently signed his § 2255 motion on October 13, 2011. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

enhancement for 2nd Degree Escape for being a violent felon under the Career Criminal Act . . . find that 3rd Degree Escape did not constitute a violent felony for purposes of the Armed Career Criminal statute"  Doc. No. 6 at 3.   However, a change in the law is not an extraordinary circumstance warranting equitable tolling.[13]  *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007).   Moreover, as noted above in this Recommendation, *Sykes* and *Darby* are inapposite to Newman's case and neither decision addresses the use of an Alabama conviction for second-degree escape as a qualifying violent felony under the ACCA.   Consequently, Newman has not carried his burden of establishing that he is entitled to equitable tolling of the limitation period.

Under the circumstances of this case, the one-year limitation period contained in § 2255(f) expired on June 13, 2006.  Because Newman did not file his § 2255 motion until October 13, 2011, his motion is time-barred.  The court further concludes that Newman has failed to show cause why his motion should not be dismissed.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice because the § 2255 motion was filed after expiration of the applicable limitation period and for the other reasons stated herein.

---

[13] Nor may a court decision in a case not involving the petitioner constitute a "fact" for purposes of § 2255(f)(4).  *See, e.g.*, *Madaio v. United States*, 397 F. App'x 568, 569-70 (11th Cir. 2010); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006);

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before March 4, 2014.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982); see Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982); see also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of February, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE